PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, | ) | CASE NO. 1:19-CV-186 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | [Resolving ECF No. 17] |
| Defendant. | | |

Pending before the Court is Plaintiff's Motion for Attorney Fees under the Social Security Act, 42 U.S.C. § 406(b). ECF No. 17. Plaintiff requests an award of $14,500.00. Defendant opposes Plaintiff's request and asks the Court to reduce Plaintiff's award. ECF No. 18. For the reasons that follow, the Court grants Plaintiff's Motion.

**I. Background**

Plaintiff Michael Brown and his counsel executed a contingency agreement, entitling counsel to 25 percent of past-due benefits awarded to Plaintiff. ECF No. 17-1. Thereafter, Plaintiff's counsel litigated the case over a period of several years, seeking a favorable ruling from the Social Security Administration (SSA). During this time, Plaintiff faced a number of initial denials of her social security benefits by Defendant. ECF No. 1.

On September 28, 2020, the SSA issued a Notice of Award, informing Plaintiff that he is entitled to monthly disability benefits. ECF No. 17-2. Plaintiff's winning claim generated $97,620.00 in past due benefits. ECF No. 17 at PageID #: 866. The SSA informed Plaintiff that

(1:19-CV-186)

it withheld 25 percent of Plaintiff's award pending approval of attorneys' fees. ECF No. 17-2 at PageID #: 874.

Plaintiff moves the Court to approve, pursuant to 42 U.S.C. § 406(b) an attorney fee of $14,500 to be paid out of her total award of $97,620.00 in past due benefits. Plaintiff asserts that the fee, which represents 14.85% of the total award, is due to his attorney for 24.75 hours of work in the case before the Court. Defendant has responded in opposition to Plaintiff's Motion, asking the Court to set an "appropriate fee." ECF No. 18 at PageID #: 880.

## II.  Legal Standard

Section 406(b) of Title 42 of the United States Code authorizes the Court to award attorneys' fees following the successful disposition of a Social Security disability appeal. Pursuant to § 406(b), plaintiff's counsel may recover a "reasonable fee," not in excess of 25 percent of a plaintiff's past-due benefits. Section 406(b) requires judicial review as an "independent check" to ensure that attorneys' fees are reasonable under the circumstances of the particular case. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002). Where an attorney has received an award of attorneys' fees under the Equal Access to Justice Act (EAJA), and subsequently seeks fees under § 406(b), the attorney must return the lesser of the two awards to the Plaintiff. *See Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989).

The standards for reviewing a petition for attorneys' fees under § 406(b) are set forth in the Sixth Circuit's decisions of *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989) (en banc) and *Hayes v. Sec'y of Health & Human Servs*. 923 F.2d 418 (6th Cir. 1990). In *Rodriquez*, the Sixth Circuit found that an award of 25 percent of past due social security benefits is presumptively

(1:19-CV-186)

appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged. *Rodriquez*, 865 F.2d at 746. In *Hayes*, the Sixth Circuit concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis," noting that a fee in the amount of twice the standard hourly rate is *per se* reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate. *Hayes*, 923 F.2d at 422.

Nevertheless, attorneys' fees petitions are still subject to scrutiny and may be discounted by a district court. Both *Rodriquez* and *Hayes* make clear that a district court may reduce a fee request, especially one which asks for more than twice the normal hourly rate. *See Rodriquez*, 865 F.2d at 746; *see also Hayes*, 923 F.2d at 422 ("If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee."). Courts may reduce fee request in two instances: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.* at 420-21. (emphasis in original) (internal citation omitted). Courts may also consider other relevant factors, including the extent of counsel's services, the amount of time counsel spent on the case, the results counsel achieved, and counsel's fees in other cases. *See Gisbrecht*, 535 U.S. at 794 (discussing the factors the Commissioner considers in evaluating a fee request under 20 C.F.R. § 404.1725(b)).

(1:19-CV-186)

### III. Analysis

Plaintiff's counsel seeks 14.85% of Plaintiff's past-due benefits, totaling $14,500.00. ECF No. 17 at PageID #: 867. According to counsel's time-log, she expended a total of 24.75 hours representing Plaintiff before this Court. ECF No. 17-4. An award of $14,500.00 in fees, therefore, when divided by 24.75 hours of work is equivalent to an hourly rate of $585.85. ECF No. 17 at PageID #: 868.

Defendant argues that the fees sought by Plaintiff "may be a windfall" based on this equivalent hourly rate and "given that this is a relatively simple case." ECF No. 18 at PageID #: 883. Defendant invites the Court to use the rate awarded under the EAJA for purposes of the *Hayes* test, yielding a *per se* reasonable hourly rate of only $394. *Id.* at PageID #: 882. Defendant does not allege that Plaintiff's counsel engaged in improper conduct in her representation of Plaintiff.

Social Security practitioners accepting contingent-fee arrangements bear the risk of non-payment in unsuccessful cases. In assessing the reasonableness of a contingent fee award, the Court is mindful of the fact that a social security attorney will not prevail every time. Contingent fees generally overcompensate in some cases and undercompensate in others. *Royzer v. Sec'y of Health and Human Servs*. 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit has explained, a contingency fee that translates into an hourly rate less than twice the "standard rate" for such work in the relevant market is *per se* reasonable and not a windfall. *Hayes*, 923 F.2d at 422. Plaintiff has produced ample evidence that Plaintiff's counsel's non-contingent hourly rate is $350, more than half of the effective hourly rate at issue here. ECF No. 17-5.

(1:19-CV-186)

Considering all the relevant factors, the Court finds that an award of $14,500 is reasonable and does not constitute a windfall in this case. Further, Plaintiff's counsel's total fee does not exceed the 25 percent statutory cap and the contingency fee that Plaintiff agreed upon and it is reasonable given "the character of the representation and the results of the representation achieved." *Gisbrecht*, 535 U.S. at 808.

### III. Conclusion

For these reasons, the Court grants Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). The Court hereby authorizes payment of a fee in the amount of $14,500. The previously approved EAJA fee in the amount of $4,871.00 (ECF No. 16) shall be refunded by Plaintiff's counsel to Plaintiff in accordance with *Jankovich v. Bowen*, 868 F.2d 867, 870-71 (6th Cir. 1989).

    IT IS SO ORDERED.

| | |
|---|---|
|   July 23, 2021 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |